(121 App. Div. 22)

BOWERMAN v. INTER-OCEAN TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Fourth Department.    July 9, 1907.)

LICENSES—CONSTRUCTION AND EFFECT.

> A permit by the owner of a farm to a company to erect telephone poles along a highway in front of the farm "to be set on line of fence" is substantially complied with by setting them in the road in a straight course, from five to seven feet from the fence; there being large trees which, if the poles were erected in strict compliance with the agreement, would have to be trimmed, and as little injury to the farm being caused by their being so placed as if erected anywhere else along the road.

> Williams, J., dissenting.

Appeal from Special Term, Monroe County.

Action by Jarvis R. Bowerman against the Inter-Ocean Telephone & Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

Edward Hance Letchworth, for appellant.

Jay K. Smith, for respondent.

SPRING, J. The plaintiff is the owner of a farm in the town of Mendon, in the county of Monroe, extending to the center of the highway. He executed to the defendant a permit authorizing it to erect its telephone poles and maintain its lines along such highway, receiving therefor $5. The written permit provided that the poles were "to be set on line of fence," which extended for two-thirds of the farm frontage. The defendant, in pursuance of this license, erected in the road along the plaintiff's premises 17 of these poles, placing them in a straight course, but from 5 to 7 feet from the fence line. Along this line there were several large trees, and if the poles had been erected in strict compliance with the agreement it would have been necessary to trim these trees, seriously impairing their value and usefulness. It is obvious that the parties did not intend that the poles were to be set absolutely on the line of the fence. The plaintiff testified:

> "On the line of the fence, or very close to it, there are a number of trees, some of which are large. I did not mean that the company should take down the fences when I signed an agreement permitting it to erect its poles on the line of the fence. If poles had been set absolutely on the line of the fence, it would have involved cutting these large trees seriously. I did not intend to have the poles set in such a manner as to destroy the trees utterly. They were to set them. They were to pay for them."

The preservation of these shade trees was a subject to be considered in the location of this telephone line, and the poles were to be erected and the wires strung to reduce the injuries so far as reasonably possible. The land along the roadside was uneven for a considerable part of the way, evidently producing but little. In construing a permission or agreement of this character, the surroundings are important in determining what the parties intended by it. In view of the circumstances referred to, we think the defendant substantially fulfilled the requirement that the poles should be set on the line of the

fence.' So far as we can gather from the evidence, in their present location they do as little injury to the farm as if placed anywhere else along the side of the road, and certainly far less than if they had been erected strictly as stipulated in the agreement.

The animus of the plaintiff's action may be found in his statement that the defendant was to pay for these trees, although their destruction or serious injury was not within the contemplation of the parties when the permit was granted. The judgment should be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment reversed, and a new trial granted, with costs to the appellant to abide event. 'All concur, except WILLIAMS, J., who dissents.